UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO PAUL VELASQUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>TIM VIRGA, Warden,<br><br>        Respondent. | 1:12-cv-01326 AWI MJS HC<br><br>ORDER GRANTING STAY OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 2) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner was convicted of fist degree murder and various enhancements and sentenced to life without the possibility of parole plus 25 years to life in state prison. (Pet. at 1, ECF No. 1.) He appealed his conviction to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment. (Id.) Petitioner subsequently filed a petition for a review in the California Supreme Court, but it was denied on June 22, 2011. (Id.)

    On August 15, 2012, Petitioner filed the instant petition. At the time of filing, Petitioner had not sought any other review of his conviction in the California Supreme Court. Further, Petitioner admits that claims two through five of the present petition have not been presented

to the California Supreme Court. However, Petitioner explains that he has filed a petition for writ of habeas corpus containing the unexhausted claims with the Stanislaus County Superior Court, and has requested that his federal petition be stayed pending state exhaustion. (Mot. To Stay, ECF No. 2) For the reasons explained below, Petitioner's motion to stay must be granted.

## I.  LEGAL STANDARD

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

## II.  ANALYSIS

Petitioner, recognizing that several of his claims are not exhausted, has requested to stay this case and hold it in abeyance to allow him to attempt to exhaust his claims in state court. Petitioner has filed a petition with the Stanislaus County Superior Court to attempt to do so. (See ECF No. 2.)

### A.  Stay and Abayance

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good

1 cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a
2 finding that the unexhausted claims are potentially meritorious; and (3) no indication that the
3 petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three
4 preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the
5 mixed petition intact while the petitioner returns to state court to present his unexhausted
6 claims.

7 Rhines does not go into detail as to what constitutes good cause for failure to exhaust,
8 and the Ninth Circuit has provided no clear guidance beyond holding that the test is less
9 stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654,
10 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more
11 generous than the showing needed for "cause" to excuse a procedural default. See, e.g.,
12 Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's
13 mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct.
14 1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's
15 "reasonable confusion" about the timeliness of his federal petition would generally constitute
16 good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S.
17 at 416-17.

18 However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled
19 that petitioner did not show good cause by arguing that he was "under the impression" that his
20 counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The
21 Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey
22 orders routine" and "would run afoul of Rhines and its instruction that district courts should only
23 stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

24 Petitioner provides no excuse or reasoning for not presenting the claims to the
25 California Supreme Court. This Court is bound to find that he has not shown good cause for
26 a stay under Rhines. However, the Kelly procedure, which has remained available even after
27 the Supreme Court's ruling in Rhines, does not require a showing of good cause. King, 564
28 F.3d at 1140. The Court must still deny a request for a stay and abeyance under Kelly if the

1 new claims are facially without merit and therefore cannot be added to the existing habeas
2 petition after they are exhausted in state court. King, 564 F.3d at 1141.

3    The Court finds that this petitioner's unexhausted claims - all based on trial counsel
4 alleged ineffectiveness - presents, at this stage, facially meritorious claims. Under the Kelly
5 procedure, Petitioner should have the opportunity to file an amended petition that does not
6 include his unexhausted claims.[1] If he does so, the Court will impose a stay to allow him to
7 exhaust the deleted claims in state court. If he chooses not to amend his petition, the Court
8 will deny his motion to stay and dismiss the petition without prejudice for failure to exhaust all
9 claims, with leave to file an amended petition. See Anthony v. Cambra, 236 F.3d 568, 574 (9th
10 Cir. 2000). Petitioner is forewarned that such a dismissal may adversely affect the timeliness
11 of the petition in relation to the one year statute of limitations under the Antiterrorism and
12 Effective Death Penalty Act ("AEDPA").

13    As Petitioner may be able to exhaust his claims and subsequently add them to the
14 petition through amendment, the Court will stay the proceedings under Kelly. The Court
15 declines at this time to decide if the claims, once exhausted, can properly be added to the
16 federal petition within AEDPA's one year limitation period. However, after Petitioner amends
17 his petition to add any newly exhausted claims, Respondent will be given an opportunity to
18 challenge the timeliness of the claims asserted in the amended petition.

19 **III.    CONCLUSION AND ORDER**

20    Accordingly, it is ORDERED that:

21    1) Petitioner's motion for stay (Doc. 2) be granted in that the unexhausted claims in the
22 original petition (claims two through five) be stricken pursuant to Kelly v. Small, 315 F.3d 1063
23 (9th Cir. 2002) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), and the instant action, with
24 only claim one remaining, be administratively stayed pursuant to Kelly and King;

---

26 [1]The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according to the
27 same screening standards that applied to his original petition. In addition, Petitioner is informed that the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local Rule 220 requires
28 that an amended pleading be complete in itself, without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition supersedes the original.).

2) Petitioner be directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims; and

3) Petitioner be directed to file an amended habeas petition containing all exhausted claims with his motion to lift the stay.

Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated:   September 18, 2012                /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE