IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEOPOLDO PAUL VELASQUEZ,**<br><br>                                        Petitioner,<br><br>v.<br><br>**TIM VIRGA, Warden,**<br><br>                                        Respondent. | 1:12-cv-01326 AWI MJS HC<br><br>**ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED** |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner was convicted of first degree murder and various enhancements and sentenced to life without the possibility of parole plus 25 years to life in state prison. (Pet. at 1, ECF No. 1.) He appealed his conviction to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment. (Id.) Petitioner subsequently filed a petition for a review in the California Supreme Court, but it was denied on June 22, 2011. (Id.)

    On August 15, 2012, Petitioner filed the instant petition. At the time of filing, Petitioner had not sought any other review of his conviction in the California Supreme Court. Further, Petitioner admits that claims two through five of the present petition have

1

1 | not been presented to the California Supreme Court. However, Petitioner requested that
2 | his federal petition be stayed pending state exhaustion. (Mot. to Stay, ECF No. 2) The
3 | Court granted the stay on September 18, 2012. (ECF No. 7.)

A year has passed since the stay was issued, and Petitioner has not yet notified the Court that he has exhausted his state court remedies.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Here, a year has passed since the matter was stayed. Petitioner has had sufficient time to present any unexhausted claims before the state courts. Petitioner is therefore ordered to show cause and explain why the stay should not be vacated.

## ORDER

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within fourteen (14) days of service of this order explaining why the stay should not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of

///
///
///
///

1 | the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: October 30, 2013     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3