IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEOPOLDO PAUL VELASQUEZ,**<br><br>         Plaintiff,<br><br>  v.<br><br>**TIM VIRGA, Warden,**<br><br>         Defendant. | 1:12-cv-01326 AWI MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER** |

  On August 15, 2012, Petitioner filed a petition for writ of habeas corpus. On September 18, 2012, the Court granted Petitioner's request to stay the petition to enable him to attempt to exhaust claims two through five in state court. On October 30, 2013, the Court ordered Petitioner to show cause why the stay should not be vacated. (ECF No. 8.) Petitioner was provided two weeks to respond to the order to show cause.

  On November 16, 2013, Petitioner filed a response to the order to show cause (See ECF No. 9.) On December 9, 2013, the Court ordered the stay vacated and required Petitioner to file an amended petition containing claim one of the original petition within thirty (30) days. (ECF No. 10.) Plaintiff was forewarned that failure to respond would result in dismissal of the complaint. Petitioner did not file an amended petition.

///

## I.  DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since August 15, 2012, and it does not appear that Plaintiff has made a good faith effort to prosecute this matter. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would result from non-compliance with the order. (See ECF No. 10 ["[F]ailure to follow this order will result in dismissal of the petition pursuant to Local Rule 110."].)

## II.      RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). Finally, Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 10, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE